RCA PHOTOPHONE, INC. v. GEORGE CARISCH.[1]

June 29, 1934.

Nos. 29,963, 29,964.

[1]Reported in 255 N. W. 814.

Sanborn, Graves & Andre, for appellant.
Samuel P. Halpern, for respondent.

LORING, Justice.

In actions to recover unpaid instalments under lease and licensing contracts covering sound-reproducing equipment installed by the plaintiff in two motion picture theaters, the plaintiff had directed verdicts for the instalments unpaid at the time that it removed its equipment from the defendant's theaters. Upon motion the court granted a new trial solely for error in the directing of the verdict, and the plaintiff has appealed from the order granting the new trial.

Defendant at the time of making the contracts operated two silent moving picture theaters in St. Paul, and the electric sound-reproducing equipment covered by the contract was installed in these theaters. The defendant paid $500 down for each theater upon the execution of the contract and $750 each upon the delivery of the equipment. He was to pay $3,750 more on each in 24 monthly instalments, which total sum of $5,000 each compensated the plaintiff for the lease of the equipment for a period of ten years. In addition to this sum, defendant was to pay for each theater as a service, inspection, and license charge $95 per month for the first year, $75 per month for the second year, and $55 per month for the remaining period for each theater. For this consideration plaintiff was to supply and install the equipment and supervise its repair and adjustment as far as, in its opinion, it was "necessary for the

satisfactory operation and maintenance of the equipment." The defendant was to keep on hand necessary repair and renewal parts and bound himself to keep the equipment in good and efficient working order and condition and to maintain and operate it as prescribed by the plaintiff. If a defect or faulty adjustment developed which could not be immediately corrected by the defendant, he was bound to communicate promptly with the plaintiff and to refrain from using the equipment until it was properly adjusted. The contracts contained a further provision that they should be construed according to the laws of the state of New York, that they contained the entire understanding of the parties, and that there was no understanding, agreement, representation, or warranty, express or implied, in any way limiting, extending, defining, or relating to the provisions thereof or to any of the matters or things to which the contracts related. It was provided that notwithstanding the termination of the agreements in consequence of default on the part of the defendant plaintiff might still recover the rental charges provided for in the contracts. These suits were brought to recover the entire balance remaining unpaid, and the court directed a verdict for that part thereof which by the terms of the contracts became due prior to the removal of the equipment.

Upon the trial and upon this appeal the defendant contended that the provisions of the contracts amounted to an express warranty of the fitness of the equipment for the purposes for which it was sold. Further, if the contracts be not so construed, that there was an implied warranty to that effect and that the performance of the equipment failed to fulfill such warranty. The plaintiff took the position that there was no express warranty and that an implied warranty was excluded by the terms of the agreements.

Without going into details as to the character of the equipment, the evidence tended to show that the nature of the failure complained of was that the sound-reproducing equipment, perhaps on account of vibration, got out of adjustment in the course of two or three days or a week after being serviced by the plaintiff; that while out of adjustment the reproduction was not satisfactory. The part of the machine which got out of adjustment was the

focusing contrivance which controlled the sound reproduction. This does not appear to have been very complicated and could be adjusted by an experienced operator by means of certain set screws. The defendant himself testified that the machine operated all right for some time after being serviced. He had in his employ operatives who claimed to be experts with such machines and who testified as such upon the trial. At any rate, he contracted to keep the equipment in good and efficient working order and condition, and it is conclusively shown that when in adjustment it operated satisfactorily. In that state of the contracts and of the record there appears as a matter of law to be no breach of warranty or of any condition of the contracts.

The trial court was right in directing a verdict, and the order granting a new trial must be reversed.

